IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

JEFFREY A. KNOTT,                            :
                                             :        C.A. No: K13C-05-006 RBY
                    Plaintiff,               :
                                             :
        v.                                   :
                                             :
DEBORAH A. COVERT, and                       :
NATIONWIDE GENERAL INSURANCE                 :
COMPANY, a foreign corporation,              :
                                             :
                    Defendants.              :

*Submitted: November 20, 2014*
*Decided: January 15, 2015*

***Upon Consideration of Defendant Deborah A. Covert's
Motion in Limine
GRANTED***

**ORDER**

Jeffrey J. Clark, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Plaintiff.

Robert W. Hartnett, Jr., Esquire, Law Offices of Chrissinger & Baumberger, Wilmington, Delaware for Defendant Deborah A. Covert.

Sean A. Dolan, Esquire, Law Office of Cynthia G. Beam, Newark, Delaware for Defendant Nationwide General Insurance Company.

Young, J.

## SUMMARY

On September 20, 2011, Jeffrey Knott's ("Plaintiff") automobile was rear-ended by Deborah Covert's ("Defendant Covert") vehicle. On May 6, 2013, Plaintiff filed a lawsuit against Defendant Covert and Nationwide General Insurance Company ("Defendant Nationwide"), who was his insurer at the time of the accident.

Defendant Covert claims that the cause of the rear-end accident was another unnamed vehicle, which struck her automobile from behind, causing a domino effect. Defendant Nationwide enlisted the services of William C. Camlin ("Camlin") to prepare an expert report regarding the accident. Camlin's report disputes whether Defendant Covert was indeed involved in a rear-end crash of her own.

Defendant Covert moves to exclude this report, contending that it fails to meet the admissibility requirements of D.R.E. 702. Specifically, Defendant Covert argues Camlin's report is formed upon lay and not expert opinion. Hence, Camlin's report is not of aid to the trier of fact. This is correct. Camlin's report is based largely in common sense, and the observations contained therein, are capable of formulation by the lay expertise of the jury. Defendant Covert's motion is **GRANTED.**

## FACTS AND PROCEDURES

The motion before the Court stems from an automobile accident between Plaintiff and Defendant Covert, occurring on September 20, 2011. At the time of the accident, Plaintiff was insured by Defendant Nationwide, which provided uninsured/underinsured motorist protection. Plaintiff was driving in a rented vehicle from Enterprise RAC Company of Baltimore, LLC ("Defendant Enterprise," and together with Covert, and Nationwide, "Defendants"). Plaintiff filed a Complaint

against Defendants on May 6, 2013.[1]

In defense of the action, Defendant Covert claims she was struck from behind by an unknown vehicle, causing her to rear-end the Plaintiff's automobile. In support of its defense, Defendant Nationwide retained Camlin to provide an expert report regarding the incident. This report was issued on August 29, 2014. Defendant Covert moves to exclude this report by her Motion in Limine. Plaintiff joins Defendant Nationwide in opposing this Motion.

## DISCUSSION

By her Motion in Limine, Defendant Covert moves to exclude the expert report of Camlin, Defendant Nationwide's witness. Defendant Covert moves pursuant to D.R.E. 702, arguing that Mr. Camlin's opinion is neither scientific, technical, or specialized, nor will it assist the trier of fact.

As a starting point, this Court recognizes the Delaware Supreme Court's exposition in *Perry v. Berkley* regarding the proper role of a trial court in contemplating D.R.E. 702 challenges: "the trial court acts as a gatekeeper" in determining the admissibility of expert evidence.[2] The Court further has "broad latitude" in making such rulings.[3] In Delaware, the analysis surrounding the admission of expert testimony has been largely distilled from D.R.E. 702, and the

---

[1] Enterprise was added as a Defendant by Order dated August 12, 2013.

[2] 996 A.2d 1262, 1267 (Del. 2010).

[3] *Id.*

U.S. Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[4]

D.R.E. 702 provides in relevant part that a witness may testify as an expert, "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue..." The focus of this first tier of analysis has been characterized as a "relevancy" requirement – meaning that the "evidence ha[s] a valid scientific connection to the pertinent inquiry" or, more succinctly, whether the evidence "fit[s]."[5] Included in this inquiry is the distinction between testimony which is"common sense," and that which "provide[s]...additional understanding of the issues of fact confronting the jury."[6] Courts have held that when the jury is equally competent to form an opinion about the ultimate fact issues or the expert's testimony is within the common knowledge of the jury, the trial court should exclude the expert testimony.[7]

Defendant Covert argues that Camlin's report provides nothing beyond what a lay juror could discern. Defendant Covert cites only the introductory part of D.R.E. 702[8], though the Court recognizes also the question of the "reliability" of an expert's

---

[4] *See M.G. Bancorp., Inc. v. LeBeau*, 737 A.2d 513 (Del. 1999) (officially adopting *Daubert* as the correct interpretation of D.R.E. 702).

[5] *In re Asbestos Litigation*, 911 A.2d 1176, 1199 (Del. Super. Ct. 2006).

[6] *Spencer v. Wal-Mart Stores East, LP*, 930 A.2d 881, 889-890 (Del. 2007).

[7] *Spencer*, 930 A.2d at 890 (excluding proffered expert testimony as the "expert opinions were more commons sense than formulated opinions...expert testimony is [not] required to argue to a jury that a pile of snow in a parking lot is going to melt")(internal quotations omitted).

[8] "if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue..." D.R.E. 702 (2001).

opinion:

> a witness qualified as an expert...may testify...in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.[9],[10]

According to Defendant Covert, Camlin's report is based upon the "statements and depositions of Plaintiff and Defendant Covert," "the photographs of Plaintiff's and Defendant Covert's vehicles," and "the accident report."[11] From these materials, Camlin observed "a slight scuff mark in the approximate center of the rear bumper with slight scratches on the leading edge of the rear bumper in the ara of the meeting

---

[9] D.R.E. 702 (2001); *see also Price v. Blood Bank of Delaware, Inc.,* 790 A2d. 1203, 1210 (Del. 2002) ("D.R.E. 702 imposes a special obligation upon the trial judge to ensure that any and all scientific testimony...is not only relevant, but *reliable*")(emphasis added)(internal quotations omitted); *Ward*, 847 A.2d at 376 ("[b]oiled down to its essence, *Daubert* requires the Court to answer two fundamental questions before admitting expert testimony: (1) is the testimony relevant?; and **(2) is the testimony reliable?**") (emphasis added).

[10] The Court notes that Delaware's D.R.E. 702 standard includes a second level of expert admissibility analysis, "reliability," which the Delaware Supreme Court in *Spencer* has articulated as including a multi-pronged test: "(1) whether scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique's operation; and (4) whether the technique is generally accepted." 930 A.2d at 888-889 (internal quotations omitted); *see also Ward*, 847 A.2d at 376 ("[b]oiled down to its essence, *Daubert* requires the Court to answer two fundamental questions before admitting expert testimony: (1) is the testimony relevant?; and **(2) is the testimony reliable?**") (emphasis added). Holding that Camlin's report fails the first level of analysis, the Court does not proceed with the second, multi-step inquiry.

[11] Defendant Covert's Motion in Limine, at ¶4.

for the trunk lid."[12] Camlin further concluded that the damage to the rear bumper could not have been caused by vehicular impact, as claimed by Plaintiff. It is Defendant Covert's position that these observations are not "scientific, technical and/or specialized," and could easily be grasped by a lay jury. As such, the testimony is not instructive.

Defendant Covert's point is well taken. In *Spencer v. Wal-Mart Stores East, LP,*[13] as in the case at bar, the purported expert testimony of the witness, was more in line with "common sense" than expertise.[14] Camlin's note regarding the location of the scuff mark on the rear of the car is something "within the common knowledge of the jury," and further something the jury is "equally competent to form an opinion about."[15] The jury, like Camlin, is capable of reviewing the materials, for example: the photographs, to determine the position of the scuff mark. Bereft of "helpfulness," Camlin's opinion cannot be said to "assist the trier of fact to understand the issue or to determine a fact in issue" as required by D.R.E. 702.[16] Stated simply, Camlin's report fails the relevancy test of the admissibility analysis..

## CONCLUSION

The admissibility of an expert opinion rests, first, on a determination that it

---

[12] *Id.,* at ¶5.

[13] 930 A.2d 881 (Del. 2007).

[14] *Id.*, at 890 ("expert testimony is [not] required to argue to a jury that a pile of snow in a parking lot is going to melt").

[15] *Ward*, 847 A.2d at 378.

[16] *In re Asbestos*, 911 A.2d at 1199.

is scientific, and beyond the jury's ability to formulate on its own. Camlin's

conclusions in his report are essentially common sense, and well within the jury's

ability to determine. As such, the report is neither helpful nor relevant. Defendant

Covert's Motion in Limine is **GRANTED**.

      **IT IS SO ORDERED**.

                            /s/ Robert B. Young       
                                        J.

RBY/lmc
oc:    Prothonotary
cc:    Counsel
        Opinion Distribution
        File